**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 06-4686**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BROCK VANALLEN WILLIAMSON,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:05-cr-00194-BR)

─────────────

Submitted:  September 26, 2007        Decided:  October 10, 2007

─────────────

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Bridgett Britt Aguirre, Fuquay-Varina, North Carolina, for Appellant.  George E.B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brock Vanallen Williamson appeals his conviction and thirty-three-month sentence after pleading guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2000). Williamson contends that the firearm was discovered through an illegal search, as the officer who found the weapon had no reasonable or articulable suspicion that would justify looking under the mattress where the firearm was found. Williamson also asserts that any statements he made regarding the firearm should also be suppressed, as the officers' questioning of him was not sufficiently attenuated from the illegal search.[*] After thoroughly reviewing the record and the parties' submissions, we conclude that the district court did not err in denying Williamson's motion to suppress.

Legal conclusions underlying the denial of a motion to suppress are reviewed de novo, while factual findings are reviewed for clear error. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Moreland, 437 F.3d 424, 429 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). The evidence is construed "in the light most favorable to the . . . prevailing party below." United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

---

[*]Because we conclude the search was lawful, we need not address the admissibility of Williamson's statements made after he was arrested and the firearm was found.

Police may conduct a search of the area near the place of an arrest in order to protect themselves from possible harm. Maryland v. Buie, 494 U.S. 325, 334 (1990). A search incident to arrest is permissible without probable cause or reasonable suspicion, but is limited to spaces "immediately adjoining the place of arrest from which an attack could be immediately launched." Id. Any further searching requires "articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene." Id.

On appeal, Williamson contends that the search of the bedroom where the firearm was discovered was not reasonable under Buie, as there were no articulable facts or inferences that would have led the officer to look under the mattress. In Buie, the protective sweep occurred after the suspect had been taken into custody, as the officer was looking for other individuals who might still be in the house. 494 U.S. at 328. However, in this case, the officers searching the second floor bedroom were not aware that Williamson had already been arrested by officers on the first floor. As the Supreme Court noted in Buie, it is only after the suspect has been found that the justification for searching other areas of the residence disappears. Id. at 332-33. Therefore, because the officers on the second floor had no knowledge that

Williamson was in custody, they could justifiably continue "to search anywhere in the house that [the suspect] might have been found." Id. at 330 (citing Payton v. New York, 445 U.S. 573, 602-603 (1980)).

Because the requirements for a protective sweep under Buie do not apply to the present case, the search carried out by the upstairs entry team did not need to be based on any "articulable facts" related to a possible "individual posing a danger to those on the arrest scene." Buie, 494 U.S. at 334. Rather, after seeing Williamson enter the premises, the officers had the right to search anywhere in the house where he might be found. See id. at 333. As for whether the officer reasonably believed that Williamson or any other individual might be found under the mattress, Deputy United States Marshal Tex Lindsay testified that looking under a mattress was "common practice" for searching a bedroom and that he had previously discovered a suspect hiding under a mattress. Based on this past experience, the district court held that Lindsay could have reasonably believed that an individual may have been hiding under the mattress. See Martin v. Gentile, 849 F.2d 863, 869 (4th Cir. 1988) (reasonableness standard under Fourth Amendment is based on whether officer's actions were objectively reasonable in light of the facts and circumstances confronting him). Viewing the evidence in the

light most favorable to the Government, we find that the district court did not err in denying Williamson's motion to suppress.

Accordingly, we affirm Williamson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>